<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| BRATTEN,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>QUEST DIAGNOSTICS<br>INCORPORATED, *et al.*,<br><br>    *Defendants*. | Civil Action No. 24-00569<br><br><u>**OPINION**</u><br><br>April 16, 2026 |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court upon Plaintiff Gregory Bratten's ("Plaintiff") motion to remand this action to Sacramento County Superior Court in the State of California. (ECF No. 35, "Mot.") Plaintiff filed his motion on February 21, 2024. Defendants Quest Diagnostics and Optum360 (collectively, "Defendants") opposed Plaintiff's motion to remand on March 18, 2024. (ECF No. 38, "Opp.") Plaintiff filed a Reply brief in support of his motion on March 25, 2024. (ECF No. 39, "Reply") The Court has decided this motion upon the submission of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, Plaintiff's motion is **DENIED**.

1

I.    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]**

The undisputed facts are as follows. This action derives from pending multi-district litigation resulting from a data breach suffered by American Medical Collection Agency ("AMCA"), a debt collection vendor used by Quest Diagnostics. (Opp. at 4; ECF No. 60; ECF 61.) Bratten's counsel was appointed to represent the plaintiffs in the action. (*Id.*) *See*, *In re: American Medical Collection Agency, Inc., Customer Data Security Breach Litig.*, MDL No. 2904,-JKS-MAH ("MDL.")

Defendants filed a motion to dismiss the MDL Plaintiffs' Master Complaint "for failure to plead Article III standing and failure to state a claim under the California Confidentiality of Medical Information Act ('CMIA') and other state law causes of action" which the Court partially granted, including on standing grounds. (Opp. at 5.) Plaintiffs filed their First Amended Complaint (MDL ECF No. 317), and Defendants subsequently filed new motions to dismiss, including on standing grounds. (MDL ECF Nos. 349-50.) Prior to the resolution of the pending motions, the MDL Plaintiffs moved for leave to amend their First Amended Complaint, purportedly "to reflect information they had learned during discovery showing that [Defendants] *intentionally* disclosed medical records" to debt collectors in violation of the CMIA. (Mot. at 2) (emphasis in original). MDL Plaintiff's First Amended Complaint alleged a negligence claim under Cal. Civ. Code § 56.101, and they intended to add an "intentional" claim under Cal. Civ. Code § 56.10. (*Id.*) Defendants opposed leave to amend on several grounds, including lack of Article III standing. (Opp. at 6.)

---

[1] The facts and procedural history are drawn from the briefings (ECF Nos. 35, 38, 39, 41, 47, 48), letters submitted by the parties (ECF Nos. 60 & 61) and documents integral to or relied upon by the briefings. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). A district court may consider "exhibits attached to the complaint and matters of public record" as well as "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

After this point in the MDL litigation, the parties offer contrasting versions of the events. Plaintiffs claim that after Defendants opposed the leave to amend, the parties conferred to discuss brining the § 56.10 claim in California state court. (Mot. at 4.) Plaintiffs' claim the discussions between the parties regarding the § 56.10 claims lasted about six weeks, and Defendants reviewed the state court pleading prior to filing. (*Id*.) Plaintiffs now claim that despite the aforementioned process and Defendants' earlier position that there was no Article III standing to support the § 56.10 claim, Defendants "improperly removed the case to the Eastern District of California" and their "removal motion…conspicuously fails to mention their prior position that federal courts lack subject-matter jurisdiction over the very same claim." (Mot. at 5.)

The Defendants' position is that after the MDL Plaintiffs moved for leave to amend, "this Court issued the first of two rulings that significantly undercut the viability of the [§ 56.10] claim." (Opp. at 8.) These rulings include the MDL court's May 5, 2023 opinion deciding LabCorp's motion to dismiss. The court held that a statutory exception to CMIA's prohibition on transferring medical data applied to billing vendors such as AMCA, effectively barring the MDL Plaintiffs from asserting their own claim under § 56.10. (Opp. at 8.) The second ruling came down on September 21, 2023, in which the Court held that Defendants "*did* have authorization via Quest's privacy policy to transmit patient medical data to AMCA." (Opp. at 9.) Defendants argue that in light of these rulings, the MDL plaintiffs withdrew their motion for leave to amend their complaint to find a more favorable forum to litigate their claim.

After Plaintiffs filed the § 56.10 in California state court, Defendants promptly removed the action to the Eastern District of California. (ECF No. 1) Plaintiffs filed a motion to remand. (ECF No. 17) Defendants then moved the JPML to transfer the action to the pending MDL litigation. (ECF No. 27; Mot. at 6.) The JPML transferred the action before the motion to remand

(ECF 17) was decided. Plaintiffs then filed a second motion to remand, which this court now decides.

## II.    STANDARD OF REVIEW

The federal removal statute allows a defendant to remove an action filed in state court to a federal court which would have had original jurisdiction over the action.  28 U.S.C. § 1441(a). Federal district courts have subject matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States[.]" 28 U.S.C. § 1332(a).

When an action is removed by a defendant, a plaintiff may challenge the removal by moving to remand the case.  28 U.S.C. § 1447.  The two grounds for remand are "1) lack of district court subject matter jurisdiction or 2) a defect in the removal procedure."  *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993).  A motion for remand on the basis of a procedural defect must be filed within thirty days of the notice of removal, see 28 U.S.C. § 1447(c), whereas "a motion to remand based on lack of subject matter jurisdiction may be made at any time before final judgment," *Foster v. Chesapeake Ins. Co.*, 933  F.2d  1207, 1212–13 (3d Cir. 1991) (citing 28 U.S.C. § 1447(c).)

## III.    ANALYSIS

Plaintiff's notice of removal (ECF 1) was filed on November 3, 2023, and Defendants filed their initial motion to remand on November 14, 2023. Therefore, Defendants satisfied the statutory requirement to file their motion to remand within 30 days of removal. First, the Court will assess whether the removal was procedurally proper under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) and 28 U.S.C. § 1453. Second, the Court will evaluate whether

federal courts possess subject-matter jurisdiction over Plaintiff's claim. Finally, the Court will analyze Plaintiff's equitable estoppel arguments.

### IV.    Removal of the state action to federal court was procedurally proper because the elements of the Class Action Fairness Act under § 1332(d)(1)(B) are satisfied

Defendants contend that removal was procedurally proper under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) and 28 U.S.C. § 1453. CAFA applies when there are at least 100 class members, at least one plaintiff has different citizenship from any defendant, and the amount in controversy exceeds $5,000,000. *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015).[2]

To satisfy the amount in controversy requirement, the defendant must show plausible allegations that the jurisdictional threshold is met. *De Vega v. Baxter Healthcare Corporation*, 507 F. Supp. 3d 1214, 1216-17 (N.D. Cal. Mar. 15, 2018). *See also*, *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014). To make this determination, courts "first look to the allegations of the complaint." *De Vega*, 507 F. Supp. 3d. at 1216. If the notice is silent on damages or if the amount alleged is insufficient, the defendant "must show by a preponderance of evidence that the aggregate amount exceeds the $5,000,00 threshold." (*Id*. at 1217.) Plaintiffs may submit proof to contest the defendant's allegations. (*Id*.)

Here, Defendants alleged in their Notice of Removal (ECF 1) that the amount in controversy exceeds $5,000,00, the number of people in the class is not less than 100 persons, and at least one member of the class is a citizen of a state different that of the Defendants. (ECF 1 at ¶¶ 6, 25, 26, 27 and 30.) Plaintiff Bratten does not dispute these allegations, as they are supported

---

[2] Because the action was removed from California state court to the Eastern District of California, the Court will analyze whether the initial removal was proper under California law. The Court will analyze Bratten's equitable estoppel arguments under the Third Circuit precedent.

by his state action complaint. (*See* generally, ECF 3-1, Ex. A ("State Action Compl.")) Plaintiff filed suit "in his individual capacity and as a representative of all others who are similarly situated." (State Action Compl. at ¶ 19.) The state action complaint argues that all of the elements of class certification are satisfied, including class identity, numerosity, typicality, commonality and predominance. (*Id*. at ¶¶ 22, 23, 24, 25, and 27.) Defendant Bratten is a citizen of California, and Defendants are corporate citizens of Delaware, New Jersey, and Minnesota. (*Id*. at ¶ 3-4.) Plaintiffs also purport that each alleged violation of CMIA entitles Class members to $1,000, and there are possibly "hundreds of thousands of individuals whose medical information was sent by Defendants to third-party debt collectors" and are thus entitled to relief. (*Id*. at ¶ 22.) Therefore, by preponderance of the evidence, the prerequisites for removal under CAFA have been met.

**V.    The Eastern District of California possessed subject-matter jurisdiction over the CMIA claims because diversity jurisdiction under § 1332(d)(2)(A) is satisfied**

Next, the Court evaluates whether the federal court possessed subject-matter jurisdiction over the CMIA claim. Federal courts may exercise subject matter jurisdiction over a claim if it 1) arises under federal law or treaty pursuant to 28 U.S.C. § 1331 or 2) the requirements of diversity jurisdiction are satisfied pursuant to 28 U.S.C. § 1332. Since Plaintiff's sole claim is under state law, it is undisputed there is no "arising under" or federal question jurisdiction. Thus, the Court analyzes whether the requirements of diversity jurisdiction are met.

Under CAFA, federal courts possess diversity jurisdiction over a claim if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs" and "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). As previously discussed, the parties do not dispute that the requirements of diversity jurisdiction are satisfied. Bratten plausibly alleged that the amount of controversy threshold is met, and there is diversity between at least one plaintiff in the class and the Defendants.

Under § 1453, a class action may be removed to federal court in accordance with 28 U.S.C. § 1446, "without regard to whether any defendant is a citizen of the State in which the action is brought." 28 U.S.C. § 1453. Therefore, the Court need not analyze whether removal of a class action violates the in-state defendant rule. For these reasons, the Court holds that federal courts possess diversity jurisdiction over Bratten's claim.

### a. **Plaintiff's equitable estoppel claims are not cognizable**

Plaintiff primarily argues that this action should be remanded to Sacramento County Superior Court because Plaintiffs have previously argued that there is no Article III standing over the "intentional" CMIA claim. He also argues that remand is required under an equitable estoppel theory because Plaintiff allegedly relied on Defendant's argument that there was no Article III standing for the § 50.10 claim. He argues he filed it in California state court to his detriment because the action was removed to an unfavorable forum.

When a plaintiff argues in a motion to remand that removal was improper due to defendant's prior arguments that Article III standing is lacking, the outcome of the motion depends on the Court's own standing analysis. *Brahamsha v. Supercell OY*, No. 16-8440, 2017 WL 3037382, at *2 (D.N.J. July 17, 2017) ("[Plaintiff…asserts that, given *Defendant's position* that Plaintiff lacks Article III standing [in their Rule 12(b)(1) motion to dismiss]…Defendant lacked a reasonable basis to remove the case to federal court in the first instance…the Court [is] required to evaluate Plaintiff's Article III standing to sue even if the parties had failed to raise it in their motions.") The Court rejects Plaintiff's argument that Defendants should be estopped from removing this action because they previously argued federal courts lack jurisdiction over the § 50.10 claim. The proper course of action is for the Court to engage in its own standing analysis. *United States v. Hays*, 515 U.S. 737, 742 (1995) (holding "federal courts are under an independent

obligation to examine their own jurisdiction, and standing is perhaps the most important of the jurisdictional doctrines.") (internal quotations omitted).

This Court properly engaged in its own standing analysis during the litigation of the MDL claims, holding standing is proper based on plaintiff's allegations that "an unauthorized user obtained the patient's Personal Information." (MDL ECF 578 at 1, 3-4.) Consistent with prior rulings of this Court, it is held that this Court has standing of the CMIA claim asserted by Plaintiff. Defendants' prior arguments in their briefings present no restriction as to this Court's ability to determine whether Article III standing is proper.

Second, Plaintiff argues that Defendants made a material misrepresentation during the course of litigating the MDL matter which should prevent them from removing this action to federal court under the doctrine of equitable estoppel. (Mot. at 9.) To satisfy the elements of the equitable estoppel doctrine, a plaintiff must demonstrate "1) a misrepresentation by another party; 2) which he reasonably relied upon; 3) to [his] detriment." *Leese v. Adelphoi Village, Inc.*, 516 Fed.Appx. 192, 194 (3d Cir. 2013). Notably, the alleged misrepresentation must be one of material fact rather than a legal theory. *Capitalplus Equity, LLC v. Prismatic Development Corp.*, No. 07-321 (WHW), 2008 WL 2783339 (D.N.J. July 16, 2008) ("Essential to a finding of equitable estoppel is a misrepresentation of material *fact* by one party and an unawareness of the true *facts* by the party seeking an estoppel.) (emphasis added and cleaned up). Defendant's alleged "misrepresentation" is not one of fact, but a legal theory that Plaintiff lacks Article III standing for their intentional CMIA claim. The Court agrees with Defendants that legal theories are not misrepresentations for the purpose of equitable estoppel claims, and therefore invocation of the doctrine is inappropriate under this circumstance.

## VI.    CONCLUSION

For the reasons set forth above, Plaintiff's motion to remand (ECF 35) is **DENIED**. An

appropriate order will follow.


                                                            /s/ Jamel K. Semper
                                                            **HON. JAMEL K. SEMPER**
                                                            **UNITED STATES DISTRICT JUDGE**


Orig:   Clerk
cc:     Michael A. Hammer, U.S.M.J.
        Parties